## Oxenreider's Estate

*Allan K. Grim* and *Thomas K. Leidy,* for petitioner.
*Daniel G. Rothermel* and *Earle I. Koch,* for exceptants.

MARX, P. J., February 21, 1941.—The question here presented arises on exceptions to the petition of an adult

daughter for allowance of the children's exemption out of real and personal estate of decedent. The exceptions, by two children of decedent, challenge petitioner's family relationship and appraisements made.

Petitioner lived with her father and mother prior to and at the time of her mother's death in 1933. At the father's request she remained and continued, as before, doing the housework and living as a member of his family. The home was in a double house, with a hallway through the middle. The father, petitioner, and a granddaughter occupied the one half and side, the excepting daughter and her family the other. There was no common table or common use of the respective portions of the house. Clearly, the house composed two homes, each family sovereign in its own home. The occasional intermingling of members, as on holidays or birthdays, did not break down the distinguishing lines of the homes, or families, and did not serve to make of all a single family.

"Under the Act of [April 14,] 1851, [P. L. 612,] where the language was not so explicit and clear as it is in the [Fiduciaries] Act of [June 7,] 1917, it was repeatedly held, that when the family relation was maintained by either the widow or children, the exemption was properly allowed. The age of the claimant was without significance, and the question of dependence had nothing to do with the operation of the Act. In Lane's Estate, 6 Dist. R., 168, decided by Judge Stewart it was held that the criterion for recovery by an adult is not dependence, but the maintenance of family and residence with the testator. To the same effect is Stevenson's Estate, 23 Dist. R., [747], where it was decided that a married daughter is entitled to the exemption, even though she is independent of her father, if she maintains the family residence and relation with him": Hornberger's Estate, 13 Berks L. J., 183, 185; Hoffman's Estate, 11 Dist. R. 551.

We find in favor of claimant. . . .